**UNITED STATES of America**

v.

**Sidnei DE MIRANDA, Appellant.**

**No. 09–1175.**

United States Court of Appeals, Third Circuit.

Submitted pursuant to Third Circuit LAR 34.1(a) Dec. 1, 2009.

Opinion Filed: Jan. 12, 2010.

---

Ishmael A. Meyers, Jr., Esq., Office of United States Attorney, Charlotte Amalie, St. Thomas USVI, for United States of America.

Jesse A. Gessin, Esq., Office of Federal Public Defender, Charlotte Amalie, St. Thomas USVI, for Appellant.

Before: McKEE, FUENTES and NYGAARD, Circuit Judges.

McKEE, Circuit Judge.

Sidnei De Miranda appeals the district court's denial of his motion for a judgment of acquittal. The sole issue on appeal is whether the government presented sufficient evidence of alienage to support De Miranda's conviction for unlawful reentry following his deportation from the United States in violation of 8 U.S.C. § 1326. For the reasons that follow, we will affirm the judgment of conviction.[1]

## I.

In deciding if a verdict is supported by sufficient evidence to establish guilt beyond a reasonable doubt, we must view the evidence in the light most favorable to the government and draw all reasonable inferences in the government's favor. *United States v. Voigt,* 89 F.3d 1050, 1080 (3d Cir.1996).

Viewed in that light, the evidence established that Sidnei De Miranda arrived at the airport in St. Thomas to board an airplane bound for Fort Lauderdale, Florida in March of 2008. However, he was taken to secondary inspection because he could not produce evidence of citizenship, and because he seemed suspiciously nervous. When officials asked him about his nationality, De Miranda stated that he was a Brazilian-born Brazilian citizen. Upon reviewing De Miranda's Alien File, officials found a fully executed Warrant of Deportation which included his photograph and a fingerprint from his right index finger. Thereafter, they arrested De Miranda and sent his fingerprints and the warrant for forensic analysis. That examination and subsequent investigation disclosed that De Miranda had previously been deported. Accordingly, he was subsequently he was charged with illegally attempting to enter the United States following deportation in violation of 8 U.S.C. § 1326. He proceeded to trial before a jury, and was convicted of that charge. This appeal followed.

## II.

8 U.S.C. § 1326, makes it illegal for an alien who has previously been deported or removed from the United States to reenter without the Attorney General's permission. The government therefore had to prove beyond a reasonable doubt that De Miranda was an alien who attempted to reenter the United States after being deported or removed, and that he did so without having permission to reenter. *Id; see also United States v. Dixon,* 327 F.3d 257, 259 (3d Cir.2003). The evidence here clearly

---

1. We have appellate jurisdiction to review the District Court's final judgment under 28 U.S.C. § 1291.

was clearly sufficient to prove each of those elements.

The jury heard evidence that when he was questioned at the St. Thomas airport, De Miranda admitted that he had been born in Brazil, and that he had neither a U.S. passport nor "green card." The government introduced the executed warrant of deportation containing a photograph and fingerprint taken when he was previously removed, as well as the testimony of a fingerprint expert tying the fingerprint to De Miranda and there was testimony that he was trying to board a plane in St. Thomas that was bound for Fort Lauderdale Florida when he was arrested. De Miranda's claim that this was not sufficient to support his conviction is therefore as woeful as it is frivolous.

### III.

For the reasons set forth above, the judgment of the district court will be affirmed.

